UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12CV-602-H

ANNAMARIE ? LAST NAME UNCERTAIN
A/K/A ANNAMARIE D. RIETHMILLER *et al.*                    PLAINTIFFS

**v.**

ELECTORS FOR THE STATE OF KENTUCKY                    DEFENDANT

<u>MEMORANDUM OPINION</u>

To initiate this action, Plaintiff filed a *pro se* Motion for Declaratory Orders and an Interdict (DN 1).  She also filed a motion to proceed *in forma pauperis* (DN 3), which is **GRANTED**.  Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  For the reasons that follow, the complaint will be dismissed.

**I.**

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2)

take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561

F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)).  "But the district court need not accept a 'bare assertion of legal

conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d

1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 555, 557).

## II.

Plaintiff, a Florida resident, filed a typewritten, single-spaced, 52-page document,

containing a motion and a 110-paragraph affidavit detailing her allegations.  In the caption, she

lists her name as "Annamarie ? Last Name Uncertain," but in her motion to proceed *in forma

pauperis*, she lists her name also as Annamarie D. Riethmiller.  In the caption, she also lists "619

Others" and "30 Others" as Plaintiffs.  She identifies the "619 Others" as "619 Mental Health

cases" in Florida state court "in which the evidence of a psychiatrist was relied on at a time that

the psychiatrist practiced with a Florida medical license issued by the Florida Department of

Heath which made the fraudulent allegation that she was certified by the American Board of

Psychiatry and Neurology which she was not, . . . ."  She identifies the "30 Others" as "people in

respect of whom the psychiatrist was in her capacity as an accountant vendor illegally appointed

by who knows who in the Florida Department of Health as an account vendor, as she was not a Florida licensed accountant, . . . ."

Despite referencing Florida mental health cases and a Florida psychiatrist, Plaintiff names as sole Defendant the Electors for the State of Kentucky, and as relief she requests that the Court:  1) issue a declaratory order that the 2012 Presidential Candidate nominee, Barack Obama, is ineligible to be a candidate; 2) interdict the Electors of the State of Kentucky to refrain from allowing Obama as a candidate on the ballot for violating "Amendment 14, Section 3 of the Constitution . . . and other constitutional provisions in his capacity as President" because he "made himself guilty of a Federal crime against the United States of America in terms of 18USC241"; 3) interdict the State Electors from allowing Obama as a candidate on the ballot if it is proven that Obama is not a natural born citizen eligible to be President; 4) order "the Federal Crimes Unit of the Federal offenses against the United States . . . to take action against the perpetrators of the crimes, including Obama"; 5) declare this matter complex and appoint counsel for Plaintiffs; 6) declare this matter urgent; and 7) order any other relief.

"It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).  "Article III, of course, gives the federal courts jurisdiction over only 'cases and controversies,' and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Id.* at 154-55.  "As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf."

*Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). To establish standing, a plaintiff must first demonstrate that he has suffered an "injury in fact," *Whitmore v. Arkansas*, 495 U.S. at 155, "which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted).

Plaintiff lacks standing to challenge Obama's candidacy and eligibility to be on the ballot as she has suffered no injury particularized to her. *Berg v. Obama*, 586 F.3d at 234, 239 (3d Cir. 2009). Her purported injury is too general. *Id* at 240. "[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. at 499. The relief Plaintiff seeks by having Obama removed from the ballot "'no more directly and tangibly benefits [her] than it does the public at large." *Lujan v. Defenders of Wildlife*, 504 U.S. at 574. Plaintiff therefore does not state an Article III case or controversy.

Additionally, the lengthy complaint contains no factual allegations from which relief can be granted. She references 42 U.S.C. § 1983 in the complaint, but none of the facts alleged demonstrate the violation of the federal Constitution or any other federal law by the Electors of the State of Kentucky. Plaintiff's reference to 18 U.S.C. § 241 is equally without merit as § 241 is a criminal statute which does not give rise to any private civil cause of action, *see United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003), and to the extent she wants Obama and others prosecuted, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*,

4

99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts.").

Finally, Plaintiff's attempt to bring suit on behalf of 649 Others is impermissible.  Title 28, United States Code, section 1654 provides, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage."  That statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."  *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted).  Therefore, Plaintiff, who is proceeding *pro se*, cannot bring this action on behalf of the "619 Others" and "30 Others" that she lists in the caption.

For the reasons set forth more fully above, the Court will enter a separate Order dismissing this action as frivolous, for failure to state a claim upon which relief may be granted, and for lack of standing.[1]

Date:

cc:     Plaintiff, *pro se*
4412.005

---

[1]The Court advises that a PACER search reveals that the instant action is one of many similar, if not identical, cases Plaintiff filed in other federal district courts around the country. Those courts which have reviewed the complaint have similarly found Plaintiff's action unsustainable.  *See, e.g.*, *Riethmiller v. Electors for the State of Alabama*, No. 2:12-CV-823-WKW (M.D. Ala. Oct. 18, 2012) ("Plaintiff has failed to demonstrate that she has standing to pursue the claims she asserts in her complaint as amended, Plaintiff's complaint is legally frivolous and fails to state any claim over which this court is empowered to grant relief."); *Annamarie v. Electors for the State*, No. 12-5767 (E.D. Pa. Oct. 17, 2012) (dismissing as frivolous pursuant to § 1915(e)(2)(B)(i)); *Anna Marie (?) Last Name Uncertain and 619 Others v. Electors for the State of New York*, No. 12-CV-0906A (W.D.N.Y. Oct. 3, 2012) (finding complaint "wholly and utterly delusional" and dismissing as frivolous under § 1915(e)(2)(B)(i)); *Riethmiller v. Electors for the State*, No. 4:12-CV-1739 CAS (E.D. Mo. Sept. 27, 2012) (dismissing as frivolous); *Riethmiller et al. v. Electors for the State of Washington*, No. 12-CV-0548-TOR (E.D. Wash. Sept. 26, 2012) (dismissing pursuant to § 1915(e)(2)(B) as frivolous "because it is a product of delusion or fantasy").